*FILED*

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

2012 SEP 28  AM 11: 17

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

**UNITED STATES OF AMERICA, ex rel.**
**VICMARY AGUILAR-MORALES,**

      **Plaintiffs/Relator,**

    **v.**

**LEMON BAY DRUGS NORTH, INC.,**

      **Defendant.**

_____/

Case No.: _____

2:12 -cv- 536 -FtM-29SPC

## COMPLAINT

The Plaintiff, Vicmary Aguilar-Morales (hereinafter "Relator"), by and through her undersigned counsel, brings this action on behalf of the United States of America (hereinafter "United States"), against the Defendant, Lemon Bay Drugs North, Inc. (hereinafter "Lemon Bay"), and alleges:

1. That the Relator brings this action on behalf of the United States for treble damages and civil penalties against the Defendant, Lemon Bay, a Florida profit corporation with its principal place of business located at 13221 Tamiami Trail, North Port, Florida 34287, for violation of the False Claims Act, 31 U.S.C. §3729, et seq. The violations arising out of false claims from payments made by Medicare/Medicaid to Lemon Bay for prescription medication that was either not filled or generically filled and billed as brand name medication.

2. That this action is brought under the respective Qui Tam provisions of the False Claims Act also on behalf of the State of Florida.

1

3.    That this action is to recover damages for civil penalties on behalf of the government arising out of false and fraudulent records, statements, claims made, cause to be made by the Defendant and its agents, employees and co-conspirators in violation of the False Claims Act, 31 U.S.C. §3729, et seq., as amended.

## FEDERAL JURISDICTION AND VENUE

4.    That the acts prescribed by False Claims Act, 31 U.S.C. §3729, et seq. are complained of herein occurred within the Middle District of Florida.  This court has jurisdiction over this case pursuant to 31 U.S.C. §3732(a), as well as 28 U.S.C. §§1331 and 1345.  This court has supplemental jurisdiction over the state law claim through its ancillary jurisdiction.

5.    That this court has personal jurisdiction over the Defendant because it transacts business within the Middle District of Florida at its aforementioned business address.

6.    That venue is proper in the Middle District of Florida pursuant to 31 U.S.C. §3732(a) and 28 U.S.C. §1391 because the Defendant transacts business in this district and one or more of its acts prescribed by 31 U.S.C. §3729 occurred in this district.  At all times relevant to this complaint, Defendant regularly conducted substantial business within this district and maintained employees and offices in the district, and made significant sales in this district.

7.    That the facts and circumstances alleged in this complaint have not been publically disclosed in a criminal, civil or administrative hearing, nor in any congressional, administrative or governmental accounting office report, hearing, audit investigation, or in any news media.

8.    That the Relator is an "original source" of the information upon which this complaint is based, as that term is used in the False Claims Act.  The False Claims Act, 31 U.S.C. §3729 (hereinafter referred to as "FCA" or "The Act") was originally enacted in 1863 and

subsequently amended thereafter to enhance and modernize the government's tools for recovering losses sustained by frauds against it after finding that federal program fraud was pervasive.  The amendments were intended to create incentives for individuals with knowledge of government fraud to disclose the information without fear of reprisal or government inaction, and to encourage the private bar to commit resources to prosecute fraud on the government's behalf.  The False Claims Act was further amended in May of 2009 by the Fraud Enforcement Recovery Act of 2009 and again in March of 2010 by the Patent Protection and Affordable Care Act.  Both of those Acts made a number of procedural and substantive changes in the FCA in an attempt to ease the government and private Relator's burdens of investigating and prosecuting Qui Tam suits under the FCA.

9.     That at all times material hereto, the Defendant, by and through its employees, management and/or persons under its advisement and/or controlled, billed Medicare and/or Florida Medicaid for prescriptions that were not given to customers as follows: created false prescriptions that were not given to customers, provided customers with generic brand medication and billed for name brand medications, and collected money from Medicare and/or Medicaid for prescriptions that were paid for by patients, a copy of examples of this conduct is identified in Lemon Bay's prescription insert (with the patient's name redacted) attached hereto and incorporated herein by reference as Exhibit "A."

10.    That the Defendant operates 24 pharmacy locations, and 5 of which are located within the State of Florida, a list of all the pharmacy addresses are attached hereto and incorporated herein by reference as Exhibit "B."

11.     That on or about March 13, 2012, Relator became an employee of the Defendant and worked at its business address of 13221 Tamiami Trail, North Port, Florida 34287.

12.     That when Relator discovered the aforementioned fraudulent conduct of Defendant, by and through its employees and/or agents under its advisement and/or control, Relator refused to participate in that conduct and advised the management of the company and others in the company that false records and statement to Medicare and/or Medicaid were unlawful and that she would not participate in this conduct and that said conduct should be stopped and corrected immediately.  That within a few days of advising the Defendant, through its management and/or other agents under its advisement and/or control, of the aforementioned false claims, the Defendant, by and through its management and/or other agents for the Defendant, requested that she sign documents agreeing not to reveal any of the information she had discovered regarding the aforementioned false claims and when Relator refused to sign the documents, she was terminated.

13.     That the Relator had access to computer information and/or other documentation as an employee of the Defendant and learned that this practice and procedure was taking place in all of its locations, and upon confronting management and refusing to participate in this conduct, the Relator was terminated.

14.     That by reason of the aforementioned Defendant's conduct, by and through its employees and/or agents under its advisement and/or control and/or management, knowingly made, used or caused to be made, or used, false records and/or statements to get false and fraudulent claims paid or approved by the United States of America through Medicare and/or Florida Medicaid, in contravention of the False Claims Act, and thereby caused damage to the

4

treasury of the United States of America, causing it to pay out money that it was not obligated to pay.

15.  That the Defendant, in performing the aforementioned acts described in this complaint, were acting by and through its aforementioned employees, within the course and scope of their prospective agencies and/or employment with the Defendant, and each of them, with knowledge and consent of the Defendant.

## COUNT I - KNOWINGLY FALSE STATEMENTS TO GET A FALSE AND/OR FRAUDULENT CLAIM PAID OR APPROVED, IN VIOLATION OF THE FALSE CLAIMS ACT, 31 U.S.C. §3729(a)(1)

16.  That the Relator realleges and incorporates herein by reference paragraphs 1 through 15 as if fully set forth herein.

17.  That in performing all of the acts set out herein, Defendant defrauded the United States of America by knowingly presenting, or causing to be presented, to one or more officers, employees or agents of the United States of America, a false and/or fraudulent claim for payment or approval, in contravention of the False Claims Act, and has caused damage to the treasury of the United States of America, by causing the United States to pay out money it was not obligated to pay.

18.  That the Relator estimates that, as a proximate result of Defendant's conduct described herein, the amount of damages sustained by the United States of America is in excess of Seventy-Five Thousand Dollars ($75,000.00) since said conduct commenced.

### COUNT II - KNOWINGLY FALSE RECORDS OR STATEMENTS TO GET A FALSE AND/OR FRAUDULENT CLAIM PAID OR APPROVED, IN VIOLATION OF THE FALSE CLAIMS ACT, 31 U.S.C. §3729(a)(2)

19. That the Relator realleges and incorporates herein by reference paragraphs 1 through 15 as if fully set forth herein.

20. That by virtue of the acts described above, the Defendant has knowingly made, used or caused to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the United States of America, in contravention of the False Claims Act, and has caused damage to the treasury of the United States of America by causing it to pay out money it was not obligated to pay.

21. That the Relator estimates that, as a proximate result of Defendant's conduct described herein, the amount of damages sustained by the United States of America is in excess of Seventy-Five Thousand Dollars ($75,000.00) since said conduct commenced.

### COUNT III - FLORIDA FALSE CLAIMS ACT

22. That the Relator realleges and incorporates herein by reference paragraphs 1, 2 and 9 through 15 as if fully set forth herein.

23. That this is an action pursuant to Florida Statutes §68.082 and this court has ancillary jurisdiction over this state court claim.

24. That the Defendant, in performing the aforementioned acts with respect to the State of Florida Medicaid, has knowingly made, used or caused to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the State of Florida, in contravention of the False Claims Act, and has caused damage to the treasury of the State of Florida by causing it to pay out money it was not obligated to pay.

25. That the Defendant, by and through its employees and/or managerial staff, had actual knowledge of the aforementioned fraudulent claims made to the State of Florida Medicaid, and/or Defendant acted with deliberate ignorance as to the truth and falsity of the information and/or its acts were a reckless disregard for the truth and falsity of the information, thereby knowingly caused to be made or used false records and/or statements to get false or fraudulent claims paid by the State of Florida Medicaid.

26. That the Relator estimates that, as a proximate result of Defendant's conduct described herein, the amount of damages sustained by the State of Florida is in excess of Seventy-Five Thousand Dollars ($75,000.00) since said conduct commenced.

## COUNT IV

27. That the Relator realleges and incorporates herein by reference paragraphs 4 through 13 as if fully set forth herein.

28. That this is an action pursuant to the False Claims Act, 31 U.S.C. §3730(h)(1) brought by Relator, Vicmary Aguilar-Morales, against the Defendant, Lemon Bay, for retaliation and termination of her employment.

29. That pursuant to the aforementioned False Claims Act, §3730(h)(1), Relator is entitled to all relief necessary to make her whole because she was discharged from employment because she would not cooperate and participate in the aforementioned Defendant's unlawful conduct in violation of the False Claims Act, and as such, the unlawful termination of her employment was in furtherance of action under this section.

30. That as a result of the aforementioned Defendant's termination, Relator has been damaged and has lost wages.

7

31.     That Relator, by refusing to participate in Defendant's aforementioned conduct that violated the False Claims Act and the Florida False Claims Act, was protected and the Defendant, by and through its managers, employees and/or agents, had knowledge of this conduct and retaliated against the Relator because she refused to participate in the aforementioned unlawful acts of the Defendant.

32.     That Relator's performance was not the basis for her termination and said termination on the basis of her performance is a pretext for the true reason for her termination which was retaliation against her being motivated by her refusal to participate in the aforementioned false claims conduct.

### PRAYER FOR RELIEF

**WHEREFORE,** the Relator requests the following relief:

1.     Judgment as to Counts I and II in favor of the United States of America against the Defendant, Lemon Bay Drugs North, Inc., for violations of the False Claims Act as set forth above, in an amount equal to three times the amount of damages the United States has sustained because of Defendant's aforementioned actions, plus a civil penalty of not less than Five Thousand Five Hundred Dollars ($5,500.00), but not more than Eleven Thousand Dollars ($11,000.00), for each violation, plus three times the amount of damages which the United States has sustained, pursuant to 31 U.S.C. §3729(a);

2.     Judgment as to Counts III in favor of the State of Florida against the Defendant, Lemon Bay Drugs North, Inc., for violations of the Florida False Claims Act as set forth above, in an amount equal to three times the amount of damages the State of

Florida has sustained because of Defendant's aforementioned actions, plus a civil penalty of not less than Five Thousand Five Hundred Dollars ($5,500.00), but not more than Eleven Thousand Dollars ($11,000.00), for each violation, plus three times the amount of damages which the State of Florida has sustained, pursuant to 31 U.S.C. §3729(a);

3.      As to Count IV, award to Relator, Vicmary Aguilar-Morales, damages for retaliation in violation of the False Claims Act, past and future lost wages, damages for emotional distress and humiliation;

4.      As to Counts I, II, III, and IV, award to Relator, Vicmary Aguilar-Morales, of all reasonable expenses which the court finds have necessarily been incurred, plus reasonable attorneys' fees and costs;

5.      Punitive damages on all causes of action, to the extent allowed by law; and

6.      Any other and further relief as the court deems just and proper.

## DEMAND FOR JURY TRIAL

Relator demands a trial by jury on all issues of fact.

## VERIFICATION OF COMPLAINT

**BEFORE ME,** the undersigned authority, duly authorized to take acknowledgments, personally appeared Vicmary Aguilar-Morales, who being first duly sworn on oath, deposes and says that she has reviewed the allegations in this Complaint and all of the contents therein are true and correct.

_____
Vicmary Aguilar-Morales

STATE OF FLORIDA          )
                          )§
COUNTY OF Charlotte       )

**SWORN TO AND SUBSCRIBED BEFORE ME,** the undersigned authority, this _24_ day of September, 2012, personally appeared Vicmary Aguilar-Morales, who ☐ is personally known by me or ☒ who produced Florida Driver License as identification and who did take an oath that he is the person who signed the foregoing.

DONNA PANEPINTO
MY COMMISSION # DD994023
EXPIRES May 20, 2014
(407) 398-0153   FloridaNotaryService.com

_____
Notary Public, State of Florida

_____
William M. Powell, Esquire
Florida Bar #343994
Powell Law Offices, P.A.
Waterside Plaza
3515 Del Prado Boulevard, Suite 101
Cape Coral, Florida 33904
Phone:        (239) 540-3333
Facsimile:    (239) 540-3336
E-Mail:       william@lawinfo.cc
              noelle@lawinfo.cc

10



**LEMON BAY DRUGS NORTH   117680   08/08/12**

**LEMON BAY DRUGS NORTH   117680   08/08/12**

Dr. GEORGE, KATHERYN

**PLAVIX 75MG PO TAB BMS PG**

TAKE 1 TABLET BY MOUTH DAILY

63653-1171-01

**LEMON BAY DRUGS NORTH   114772   08/07/12**

**LEMON BAY DRUGS NORTH   114772   08/07/12**

Dr. GUTIERREZ, ROBERT

**LIPITOR 10MG PO TAB PFIZER US**

TAKE 1 TABLET BY MOUTH DAILY

00071-0155-23

**EXHIBIT "A"**

1



**LEMON BAY DRUGS NORTH   114836   08/03/12**

**LEMON BAY DRUGS NORTH   114836   08/03/12**

3438 AVANTI CIR, NORTH PORT FL 34287/941/429-0129

Dr. KAPUCHINSKI, STANLEY —
25100 MARION AVE STE 111, PUNTA GORDA FL 33950

**ZYPREXA 5MG PO TAB LILLY**     00002-4115-30

"LILLY 4115" white

| | | | | |
|---|---|---|---|---|
| Rph NO | InvQty: -540 | Orig: 02/14/12 | InsPaid$ 781.37 |
| DAW 1 | MinInvQty: 0 | Source: Written | 1376.70 |
| QtyRem: 0 | QWrit/Disp: 160/60 | LastFill: 07/11/12 | Copay$ 0.00 |
| | DaysSup: 30 | Filled: 08/03/12 | PrevCp$ 0.00 |
| | | | MarGin$-418.63 |

**LEMON BAY DRUGS NORTH   117228   08/03/12**

**LEMON BAY DRUGS NORTH   117228   08/03/12**

6820 MYRTLE WUOD RD, NORTH PORT FL 34287/783-351/

Dr. SAUDER, DEBORAH —
SARASOTA COUNTY HEALTH, 6800 PAN AMERICAN BLVD, NOUTH PORT

**MAXZIDE-25 / HYDROCHLOROTHIAZIDE 5MG PO
TAB - SANDOZ**     00781-1123-01

"GG 165" green

TABLET BY MOUTH DAILY

| | | | | |
|---|---|---|---|---|
| Rph 2.0 | InvQty: 255 | Orig: 04/24/12 | InsPaid$ 5.16 |
| DAW N | MinInvQty: 0 | Source: Written | UCS 48.50 |
| QtyRem: 60 | QWrit/Disp: 30/30 | LastFill: 07/03/12 | Copay$ 0.00 |
| | DaysSup: 30 | Filled: 08/03/12 | PrevCp$ 0.00 |
| | | | MarGin$-16.84 |

**EXHIBIT "A"**

2

Lemon Bay Drugs North
13221 Tamiami Trail
North Port, Florida 34287
(941) 426-1123

Berkley Pharmacy
28577 Schoenherr Road
Warren, Michigan 48088
(586) 573-8300

Bio Care Pharmacy
1409 NE 26th Street
Wilton Manors, Florida 33305
(954) 566-6151

Moneta Pharmacy
4860 Rucker Road, Suite 1
Moneta, Virginia 24121
(540) 297-8640

Blue Water Pharmacy
1209 10th Street, Suite A
Port Huron, Michigan 48060
(810) 982-3100

Rx Care Pharmacy
13733 N. US Highway 41
Lake Lady, Florida 32159
(352) 391-5533

Brooksville Drugs
80 Ponce de Leon Boulevard
Brooksville, Florida 34601
(352) 796-4975

Rx One Pharmacy
616 E. Altamonte Drive #102
Altamonte Springs, Florida 32701
(321) 295-7780

**EXHIBIT "B"**
1

PCCA
9901 South Wilcrest Drive
Houston, Texas 77099
(800) 331-2498

Country Drugs
362 State Park Drive
Bay City, Michigan 48706
(989) 684-8251

Bonita Pharmaceuticals
6380 Commerce Drive
West Land, Michigan 48185

Rx Care Pharmacy
301 Havendale Boulevard
Auburndale, Florida 33823
(863) 875-5700

Rx ONE Pharmacy
717 West Lancaster Road
Orlando, Florida 32809
(321) 295-7880

Rx Care The Plaza
6018 The Plaza
Charlotte, North Carolina 28215
(704) 531-5232

Blue Pharmacy
6240 Michigan Avenue
Detroit, Michigan 48210
(313) 899-4120

Edwards Pharmacy
12071 Indian Rocks Road
Largo, Florida 33774
(727) 724-4171

North Saginaw Pharmacy
2918 Saginaw Street
Flint, Michigan 48505

**EXHIBIT "B"**
2

(810) 234-5500

Benzer Pharmacy
G-3333 Beecher Road
Flint, Michigan 48532
(810) 230-9900

Berkley Pharmacy
28577 Schoenherr
Warren, Michigan 48185
(586) 573-8300

Bio Script Pharmacy
15348 Fort Street
Southgate, Michigan 48195
(734) 324-4000

Byron Drugs
13355 Dix-Toledo Road
Southgate, Michigan 48195
(734) 283-0100

Country Drugs
202 South Avenue
Vivian, Louisiana 71082
(318) 375-3784

Rx Care Pharmacy
11304 Hawthorne Drive, Suite #120
Mint Hill, North Carolina 28227
(704) 573-6899

Battlecreek Pharmacy
16311 Grand River Avenue
Detroit, Michigan 48227
(313) 838-1100

**EXHIBIT "B"**